UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MATTHEW WAYNE FREEZE, | ) | |
| Institutional ID No. 41286-179, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:08-CV-186-BG |
| EILEEN KENNEDY, Warden, | ) | ECF |
| Price Daniel Unit, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Now before the court is a notice of dismissal Plaintiff Matthew Wayne Freeze filed April 23, 2009. Because the notice was filed pursuant to Rule 41(a) and because no opposing party has filed an answer or summary judgment motion, the undersigned recommends that the District Court consider the action closed. *See American Cyanamid Co. v. McGee*, 317 F.2d 295, 297 (5th Cir. 1963) (the plaintiff's notice of dismissal "itself closes the file"). Further, because Freeze previously sought and was granted dismissal of claims in Civil Action No. 5:07-CV-029-C, which are identical to the claims he now dismisses in this case, the undersigned recommends that the District Court consider Freeze's notice of dismissal in this case as an adjudication on the merits as provided under Fed. R. Civ. P. 41(a)(1)(B).

**I.   Background**

The complaint in this action, which was filed on September 19, 2008, involves the conditions of Freeze's confinement during his incarceration at the Price Daniel Unit. He claims Eileen Kennedy, whom he identifies as the warden at the prison, denied him the right to attend religious

services from June 6, 2006, until October 3, 2006.

This is not the first time Freeze has brought these claims in this court. The claims Freeze asserts against Kennedy in this lawsuit are those he asserted against her in Civil Action No. 5:07-CV-029-C, and the dilatory tactics he has employed in the instant action are those he employed in Civil Action No. 5:07-CV-029-C. In that case, Plaintiff filed his complaint on February 14, 2007, and the District Court reassigned the action to the Magistrate Judge. On February 28, 2007, the Magistrate Judge entered an order setting hearing that was to be held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). Thereafter, Freeze notified the court in an advisory that he would be unable to attend the hearing. In another advisory, filed a few weeks later, he indicated that he believed a hearing was not necessary, that he believed a questionnaire was the most appropriate course of action if the court "deem[ed] it necessary to expand the record," and that he wished his advisory to be construed as a motion to dismiss if the court decided to proceed with the *Spears* hearing. The undersigned vacated the hearing and transferred the action back to the District Court. Freeze thereafter filed a motion to dismiss, and the District Court entered judgment dismissing Freeze's complaint.

Approximately three months later Freeze filed the instant action asserting claims identical to those he asserted in Civil Action No. 5:07-CV-029-C, and the District Court reassigned the action to the Magistrate Judge. After the case was reassigned, the Magistrate Judge attempted three times to schedule a hearing. However, Freeze filed a number of documents protesting orders for his presence in court, including a notice of non-consent, a motion to transfer the action back to the docket of the District Court, and a motion to vacate one of the hearings the Magistrate Judge had set pursuant to *Spears*, 766 F.2d at 181-82. On March 4, 2009, Freeze filed a motion to dismiss his

2

complaint claiming he was not willing to prosecute the action because he was not willing to attend an evidentiary hearing. The Magistrate Judge filed a report and recommendation and transferred the action back to the docket of the District Court. Freeze then filed objections to the report and recommendation, a motion to withdraw his motion to dismiss, and a "Waiver of *Spears* Hearing."

The District Court granted Freeze's motion to withdraw his motion to dismiss and again reassigned the action to the Magistrate Judge. In the transfer order, the court ordered that Freeze's "Waiver of *Spears* Hearing," to the extent it could be construed as an objection to the holding of a *Spears* hearing, was denied. The court stated that an evidentiary hearing was necessary to ascertain whether there existed an arguable factual and legal basis for Freeze's claim and ordered that the Magistrate Judge was to hold a *Spears* hearing within sixty days from the date of the order. The District court noted Freeze's unwillingness to prosecute the action if doing so would require him to attend an evidentiary hearing and admonished him that the action would be dismissed if he failed to appear as required. Ten days later, Freeze filed the notice of dismissal now before the court.

## II.     Recommendation

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure authorizes the voluntary dismissal of an action by the plaintiff prior to service of an answer or a summary judgment motion by the opposing party. The Fifth Circuit Court of Appeals has consistently held that Rule 41(a)(1)(A) "means what it says"; the plaintiff has an "absolute right" to dismiss his complaint before the defendant has filed an answer or summary judgment motion. *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). "This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *American Cyanamid Co.*, 317 F.2d at 297. In this case, Freeze's notice of dismissal was filed pursuant to Rule 41(a) and no opposing party has served an answer or a summary judgment motion. The District Court should therefore consider the action

closed. *See id*.

Further, the notice of dismissal should operate as an adjudication on the merits. Rule 41 provides that, unless the notice states otherwise, a notice of dismissal operates as a dismissal without prejudice. *See* FED. R. CIV. P. 41(a)(1)(B). In this case the notice "states otherwise"; Freeze states in the notice that the dismissal of the instant action should be a dismissal with prejudice. In addition, Freeze acknowledges in his notice that he has previously dismissed in this court an action based on the same claims he now again seeks to dismiss.[1] Rule 41 directs that if the plaintiff previously dismissed any action based on or including the same claim, the notice of dismissal operates as an adjudication on the merits. *See* FED. R. CIV. P. 41(a)(1)(B). This provision of Rule 41, which serves to prevent unreasonable abuse and harassment, *American Cyanamid Co.*, 317 F.2d at 297, applies in this case. Freeze's notice of dismissal should operate as an adjudication on the merits.

## III. Right to Object

Any party has the right to serve and file written objections to this Report and Recommendation within ten days after being served with a copy of this document. 28 U.S.C. § 636(b)(1). The filing of objections is necessary to obtain *de novo* review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415,

---

[1] It should be noted that Civil Action No. 5:07-CV-029-C, Freeze styled his voluntary dismissal as "Plaintiff's Motion to Dismiss." The motion, however styled, should be considered a notice of dismissal and, thus, Freeze's first notice of dismissal. In *Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976), the court held that the plaintiff's "Motion for Dismissal" to dismiss the action voluntarily was a notice of dismissal even though Rule 41(a) was not cited in the motion.

1429 (5th Cir. 1996) (en banc).

    Dated:    May 19, 2009.

                                                    NANCY M. KOENIG
                                                    United States Magistrate Judge